PER CURIAM.
 

 The Florida Bar petitions this Court to consider proposed amendments to the Rules Regulating the Florida Bar. We have jurisdiction.
 
 See
 
 art. V, § 15, Fla. Const.
 

 The Bar proposes two additional practice areas of legal certification — in education law and adoption law — through a pair of new subchapters within chapter 6, Legal Specialization and Education Programs, of the Rules Regulating the Florida Bar. The Board of Governors of The Florida Bar voted unanimously to approve the proposed amendments. The proposals were published for comment in the September 15, 2008, edition of
 
 The Florida Bar News.
 
 In that publication, the Bar instructed interested parties to file any comments directly with the Court. Thereafter, the Bar filed its petition with the Court on October 22, 2008. Two comments were filed with the Court, and the Bar filed a reply to the comments.
 
 [1]
 

 
 *344
 
 The first proposal would create a certification area for education law and be identified in the Rules Regulating the Florida Bar as subchapter 6-27. The second proposal would create a new certification area for adoption law and be identified in the rules as subchapter 6-28. After considering the two proposals and the comments, the Court adopts the new subchapters.
 

 Accordingly, the Court adopts the amendments to the Rules Regulating the Florida Bar as modified and as set forth in the appendix to this opinion.
 
 [2]
 
 These amendments shall become effective immediately upon the release of this opinion.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 6-27 STANDARDS FOR CERTIFICATION OF A BOARD CERTIFIED EDUCATION LAWYER
 

 RULE 6-27.1 GENERALLY
 

 A lawyer who is a member in good standing of The Florida Bar and who meets the standards prescribed below may be issued an appropriate certificate identifying the lawyer as a “Board Certified Education Lawyer.” The purpose of the standards is to identify those lawyers who practice in the area of education law and have the special knowledge, skills, and proficiency, as well as the character, ethics, and reputation for professionalism to be properly identified to the public as board certified education lawyers.
 

 RULE 6-27.2 DEFINITIONS
 

 (a) Education Law. “Education law” means the practice of law involving the legal rights, responsibilities, procedures, and practices of “educational institutions,” students, personnel employed by or on behalf of educational institutions, and the guardians and parents of students participating in education. The term “education law” shall also mean the practice of law on behalf of public or private clients in matters including, but not limited to: state, federal, and local laws, regulations, and proceedings involving student rights and student discipline; administrative law and rules regulating the operations of schools and education in Florida; charter schools; finance issues involving educational institutions, including bond indebtedness, certificates of participation, impact fees, and educational benefit districts; litigation involving educational institutions, including matters of sovereign immunity, civil rights in educational environments, including the civil rights of students and personnel in education; labor issues involving educational institutions, including standards of professional performance and practices involving personnel employed by or on behalf of educational institutions; private school contract matters and litigation involving private school entities; disability law, including § 504, Individuals With Disabilities Education Act, and the Americans With Disabilities Act; laws of general governance, including the Sunshine Law, Public Records Act, Code of Ethics for Public Officers and Officials, purchasing and bid issues; and construction, land use and development law as these areas relate to educational facilities. The purpose of education law certification is to identify lawyers who, although they may not practice substantially in each of these areas, nonetheless concentrate their practice of law in a wide variety of these categories of law in the educational environment, either on behalf of persons dealing with or receiving educational services, or as practitioners on
 
 *345
 
 behalf of educational institutions. “Education law” also includes presiding as an administrative law judge, arbitrator, hearing officer, judge or member of another tribunal or panel over a dispute involving education law issues.
 

 (b) Educational Institution. “Educational institution” means any entity, private, public, for-profit or not-for-profit, that has appropriate licensure (or otherwise is legally authorized) as a provider of educational services and instruction, and is primarily devoted to the provision of education and instruction to persons of any age. Without limitation, examples of educational institutions shall be public school boards and school districts, public and private universities, community colleges, private schools, charter schools, and technical or trade schools.
 

 (c) Lead Attorney. “Lead attorney” means one serving as the primary attorney, whether as a team leader or alone, working on behalf of either a private party or an educational institution. Service as a supervisor and signatory of legal documents, but without substantial participation in the preparation of those documents, does not constitute service as lead attorney. Service in the role of lead attorney also includes presiding as a judge, administrative law judge, arbitrator, hearing officer, or member of an administrative tribunal or panel hearing or presiding over a dispute involving a matter of education law.
 

 (d) Practice of Law. “Practice of law” is defined as set forth in rule 6 — 3.5(c)(1). RULE 6-27.3 MINIMUM STANDARDS
 

 (a) Minimum Period of Practice. The applicant must have been engaged in the practice of education law for at least 5 years immediately preceding the date of application. Additionally, the applicant shall have been a member in good standing of the bar of any state of the United States or the District of Columbia for a period of 5 years as of the date of application.
 

 (b) Substantial Involvement. The applicant must demonstrate substantial involvement in the practice of education law during at least 3 of the 5 years immediately preceding the date of application. An applicant who meets the practical experience requirements in subdivision (c) below shall be presumed to meet this requirement.
 

 (c) Practical Experience. The applicant must demonstrate broad, substantial, practical experience in education law by providing examples of service as the lead attorney on behalf of a private or public client involved in education law issues. Using the point values and limitations assigned below; the applicant’s examples from the following actions must total at least 50 points during the 5 years immediately preceding the date of application. Unless expressly permitted by the standard itself in the following subdivisions, an applicant may only take points under 1 subdivision for each project of work. By way of illustration, and as an example only, an applicant may not take points under both subdivisions (c)(3)(C) and (c)(4)(A) for writing an opinion letter and presenting that letter at a meeting of an educational institution. In. cases where a project is subject to points in more than 1 category, and the rule does not expressly allow for points to be earned in more than 1 category, the applicant must elect the category under which the applicant wishes to receive points for such work.
 

 To ensure a diversity of experience and involvement in the area of education law, the applicant cannot count more than the maximum points allowable for each section.
 

 
 *346
 
 (1) The maximum points allowable for subdivision (1) are 30 points. Each item is worth 5 points or as otherwise indicated:
 

 (A) The applicant participated in administrative hearings in which questions or matters of education law were at issue as lead attorney, including both formal and informal hearings (excluding student suspension hearings and expulsion hearings that are not appealed to a court) adjudicated through final order pursuant to the Florida Administrative Procedure Act, chapter 120, Florida Statutes. If the matter is appealed and the appeal is concluded by a court order or decision, or otherwise resolved after the case is fully briefed, the applicant will earn an additional 3 points. If the applicant is lead attorney in rulemak-ing proceedings covered in subdivision (c)(2)(A), the applicant shall receive 4 points for such work in addition to the points available under this subdivision.
 

 (B) The applicant participated in other fully adjudicated administrative actions (including any formal arbitration or mediation proceeding) in which questions or matters of education law were at issue, as lead attorney for a client, including but not limited to labor/employment and rulemaking proceedings pursuant to the Federal Administrative Procedure Act, 5 U.S.C. §§ 551-559, and any arbitration agreement or federally required proceeding, including record review proceedings, pursuant to 5 U.S.C. §§ 701-706. If the matter is appealed and the appeal is concluded by a court or fully briefed to the court before the appeal is concluded, add 3 points for each. It is the intent of this standard that if the applicant is lead attorney in rulemaking proceedings covered in subdivision (c)(2)(A), the applicant shall receive 4 points for such work in addition to the points available under this subdivision.
 

 (C)The applicant participated in fully adjudicated trial court proceedings as lead attorney in state or federal court, in which questions or matters of education law were at issue. If the matter is appealed and the appeal is concluded by a court or fully briefed to the court before the appeal is concluded, add 3 points for each.
 

 (2) The maximum points allowable for subdivision (2) are 28 points. Each item is worth 4 points or as otherwise indicated:
 

 (A) The applicant participated in rulemaking proceedings as lead attorney through rule adoption pursuant to Florida Administrative Procedure Act, chapter 120, Florida Statutes, which rulemaking involves a question or matter of education law or a rule on behalf of an educational institution.
 

 (B) The applicant participated in administrative litigation, state or federal court litigation and arbitration, as lead attorney, resulting in settlement before final adjudication, and in which matter substantial questions or issues of education law were presented.
 

 (C) The applicant conducted appeals as lead attorney in which the applicant either represented an educational institution or a party seeking relief against an educational institution on a question involving education law. This includes appellate matters that are settled on appeal, but only if the applicant, as lead attorney, filed at least 1 substantive brief in the appeal, including the appeal of student disciplinary matters pursuant to § 120.68, Florida Statutes.
 

 
 *347
 
 (3) The maximum points allowable for subdivision (3) are 21 points. Each item is worth 3 points or as otherwise indicated:
 

 (A) The applicant participated in student disciplinary hearings as a hearing officer or as lead attorney before a hearing officer or an educational institution which were not appealed.
 

 (B) The applicant sought, on behalf of an educational institution as lead attorney, and obtained an advisory opinion from the Florida Commission on Ethics, Florida or United States Attorney General, or the Florida or United States Department of Education (and any constituent division thereof).
 

 (C) The applicant appeared as lead attorney for a party or an educational institution before any governmental organization in a formal public meeting (Sunshine Meeting under § 286.011, Florida Statutes) including an appearance before an educational institution as lead attorney for such entity, involving a question of education law or a matter on behalf of an educational institution. Without limitation, this includes the applicant, as lead attorney, representing an educational institution before a local government or the Florida Department of Community Affairs on matters involving land use planning or zoning issues on behalf of an educational facility, appearing before a governmental entity or agency with regard to advocating a matter of interest to a client (either private or public) involving a question of education law or a matter of interest to an educational institution, and any other formal appearances before regulatory bodies and authorities with respect to a question of education law or matters of concern to an educational institution. This subdivision shall not apply and the applicant will not earn points when this appearance is in connection with another matter covered by another subdivision or practice for which points are awardable. By way of example, and for purposes of illustration only, an applicant will not earn points for appearing before an educational institution in an executive session to discuss pending litigation for which points are awarded under subdivision (c)(1)(C), nor will an applicant receive points when such appearance is in connection with a disciplinary hearing for which points are awardable under subdivision (c)(3)(A).
 

 (D) The applicant participated in lobbying in support of a rule or law before any governmental authority, wherein the applicant is registered as a lobbyist with regard to a regulation or law involving education, education law, or a matter of concern to an educational institution. Each law or regulation for which the applicant has advocated before an authority shall constitute a separate matter of experience for accumulation of these points.
 

 (E) The applicant conducted an investigation on behalf of an educational institution or represented a party being investigated, as lead attorney, during an investigation conducted by or on behalf of an educational institution. This includes all internal review procedures and work related to issues involving scientific misconduct, plagiarism, breach of test security, Institutional Review Board meetings, tenure, dismissal from or sanction of employment, and advising managerial staff or the governing body of an educational
 
 *348
 
 institution regarding such matters. Likewise, points in this category are awarded for each client involved in any of these types of matters in which the client is or may be adverse to an educational institution.
 

 (F) The applicant participated in attempts to resolve through mediation or other negotiations a matter involving education law, as defined in rule 6-27.2(a), prior to filing before any tribunal.
 

 (G) The applicant performed internal audits for an educational institution such as, but not limited to, assessing wage hour compliance, handbook review, etc.
 

 (4) The maximum points allowable for subdivision (4) are 20 points. Each item is worth
 
 2
 
 points or as otherwise indicated:
 

 (A) Two points will be awarded for each of the following actions on behalf of a client or educational institution involving a question of education law, to the extent such work is not covered by or included in the work under another subdivision of these standards: preparation of an opinion letter regarding a question or matter of education law; preparation of a contract involving educational services, technology, or other matters that will facilitate or allow for the delivery of educational services, or any agreement in which an educational institution is a party to the contract; or preparation of rules of procedure on behalf of an educational institution.
 

 (d) Verification of Practical Experience Requirements. The education law certification committee will develop an application
 
 form to
 
 elicit specific information sufficient to verify the practical experience reported by the applicant. Due and appropriate regard will be made to preserve client and student-identifying confidences, but subject to the requirement of confidentiality, the application will provide for the applicant to identify case numbers for court and administrative litigation, parties in litigation (using initials with respect to student-identifying matters), the nature of the work performed, the dates on which the work was performed (or a period of time during which it was performed), the identity of any court or tribunal before which the work was performed, the results of the work, and the identity of any opposing attorney, as well as such other information the education law certification committee determines is reasonably required for the applicant to submit so that the practice requirements may be verified.
 

 (e) Additional Points. The education law certification committee or the board of legal specialization and education may increase the number of points granted for activities of the type identified in subdivisions (c)(1) — (2), for good cause shown, such as the significant impact of a particular case on a question of education law.
 

 (f) Peer Review. The applicant must submit the names and addresses of 5 individuals, at least 4 of whom are attorneys and 1 of whom is a federal, state, or administrative law judge before whom the applicant has appeared within the past 5 years preceding the date of application. In lieu of a judicial reference, the applicant may provide the name and address of the head of an educational institution (or a member of a collegiate body that serves as the head of the educational institution) if the applicant has advised or appeared before such person within the 5-year period preceding the date of application. The attorney references must be members of The Florida Bar, and may not be persons who practice currently in the applicant’s law firm or, if the applicant is employed by
 
 *349
 
 an educational institution, the references may not be employed in the same law department at the same educational institution as the applicant at the time the application is filed. Individuals serving as references shall be sufficiently familiar with the applicant to attest to the applicant’s special competence and substantial involvement in the field of education law, as well as the applicant’s character, ethics, and reputation for professionalism. The board of legal specialization and education and the education law certification committee may authorize references from persons other than attorneys and may also make such additional inquiries as they deem appropriate to determine the qualifications of an applicant for certification pursuant to this rule and rule 6 — 3.5(c)(6).
 

 (g)Education. The applicant must demonstrate completion of 50 credit hours of approved continuing legal education in education law during the 3-year period immediately preceding the date of application. Credit for attendance or speaking appearances at continuing legal education seminars shall be given only for programs that are directly related to education law, and such programs may include but are not limited to continuing legal education in the areas of civil rights, disability law, legal issues relevant to the governance and operations of educational institutions, including Sunshine, public records and Code of Ethics, government procurement law (including bid protests), government finance topics, trial practice topics, administrative law, and labor and employment law. Additionally, the education law certification committee may conclude that the education requirement is satisfied in part by 1 or more of the following:
 

 (1)lecturing at or serving on the steering committee of continuing legal education seminars;
 

 (2) authoring or editing articles or books published in professional periodicals or other professional publications on questions of education law;
 

 (3) teaching courses related to education law at an approved law school or other graduate level program presented by a recognized professional education association;
 

 (4) completing such home study program as may be approved by the board of legal specialization and education or the education law certification committee subject to the limitation that no more than 50 percent of the required number of hours of education may be satisfied through home study; or
 

 (5) such other methods as may be approved by the board of legal specialization and education and the education law certification committee.
 

 The board of legal specialization and education or the education law certification committee shall, by policy, establish standards applicable to this rule, including but not limited to the method of establishment of the credit hours applicable to any of the above listed subdivisions.
 

 (h) Examination. The applicant must pass an examination administered uniformly to all applicants to demonstrate sufficient knowledge, skills, proficiency, experience, and professionalism in education law to justify the representation of special competence in education law to the legal profession and the public.
 

 (i) Exemption. An applicant who has been substantially involved in education law for a minimum of 20 years and who otherwise fulfills the standards set forth in rules 6-3.5(d) and rules 6-27.3(a)-(g), shall be exempt from the examination. This exemption is only applicable to those applicants who apply within the first 2 application filing periods from the effective date of these standards.
 

 
 *350
 
 RULE 6-27.4 RECERTIFICATION
 

 During the 5-year period immediately preceding the date of application, the applicant must demonstrate satisfaction of the following requirements for recertification:
 

 (a) Substantial Involvement. The applicant must demonstrate continuous and substantial involvement in education law throughout the period since the last date of certification or recertification. An applicant who meets the practical experience and education requirements in (b) below shall be presumed to meet this requirement.
 

 (b) Practical Experience Requirement. The applicant must demonstrate involvement as lead attorney on behalf of a private client or educational institution in matters totaling at least 10 points as described in rule 6-27.3(c) above. For good cause shown and at the discretion of the education law certification committee, the 10-point requirement may be waived for applicants who possess other extraordinary legal experience related to matters of education law. Examples of such extraordinary experience may include service as an administrative law judge, general counsel responsibility for an educational institution or other senior attorney experience with supervisory responsibilities on behalf of an educational institution, representation of or membership on a committee working on substantial matters of education law, teaching education law at the college level, and other appropriate legal experience described by the applicant and approved by the education law certification committee.
 

 (c) Education. The applicant must demonstrate completion of at least 90 credit hours of approved continuing legal education for education law certification. If the applicant has not attained 90 credit hours of approved continuing legal education for education law certification, but has attained more than 60 hours during such period, successful passage of the examination given to new applicants will satisfy the education requirements. However, an applicant seeking recertification may also reduce the educational requirements in this subdivision to 60 hours by demonstrating involvement as lead attorney on behalf of a private client or an educational institution in matters of education law since certification or the last recertification, totaling at least 25 points as described in rule 6 — 27.3(c) above.
 

 (d)Peer Review. The applicant must submit the names and addresses of 3 individuals, at least 2 of whom are attorneys and 1 of whom is a federal, state, or administrative law judge before whom the applicant has appeared during the 5-year period immediately preceding the date of application. In lieu of a judicial reference the applicant may provide the name and address of the head of an educational institution (or a member of a collegiate body that serves as the head of the educational institution) under circumstances where the applicant has advised or appeared before such person within the 5-year period immediately preceding the date of application. The attorney references must be members of The Florida Bar in good standing, and may not be members of the applicant’s law firm or, if the applicant is employed by an educational institution, the references may not be employed in the same law department at the same educational institution as the applicant at the time the application is filed. Individuals serving as references must be sufficiently familiar with the applicant to attest to the applicant’s special competence and substantial involvement in the field of education law, as
 
 *351
 
 well as the applicant’s character, ethics, and reputation for professionalism. The board of legal specialization and education and the education law certification committee may authorize references from persons other than attorneys and may also make such additional inquiries as they deem appropriate to determine the applicant’s qualifications for recertification pursuant to this rule and rule 6-3.5(c)(6).
 

 (e) Waiver of Compliance. An applicant for recertification who, at the time of application is serving and has served full time for 3 or more years as an administrative law judge, is deemed to meet the recertification criteria in subdivisions 6-27.4(a) and (b).
 

 6-28. STANDARDS FOR CERTIFICATION OF A BOARD CERTIFIED ADOPTION LAWYER
 

 RULE 6-28.1 GENERALLY
 

 A lawyer who is a member in good standing of The Florida Bar and who meets the standards prescribed below may be issued an appropriate certificate identifying the lawyer as a “Board Certified Adoption Lawyer.” The purpose of the standards is to identify those lawyers who practice adoption law and have the special knowledge, skills, and proficiency, as well as the character, ethics, and reputation for professionalism, to be properly identified to the public as board certified adoption lawyers.
 

 RULE 6-28.2 DEFINITIONS
 

 (a) Adoption Law. “Adoption law” is the practice of law dealing with the complexities and legalities of interstate and intrastate adoption placements, including civil controversies arising from termination of the biological parents’ parental rights, the Indian Child Welfare Act, and interstate placements. In addition to the actual adoption placement, “adoption law” in-eludes evaluating, handling, and resolving such controversies prior to the placement of a child for adoption and all post placement proceedings. The practice of adoption law in the state of Florida is generally unique in that decisional, statutory, and procedural laws are specific to this state.
 

 (b) Practice of Law. “Practice of law” for this area is defined as set forth in rule 6 — 3.5(c)(1).
 

 RULE 6-28.3 MINIMUM STANDARDS
 

 (a) Minimum Period of Practice. The applicant must have at least 5 years of the actual practice of law, of which at least 50 percent has been spent in active participation in adoption law.
 

 (b) Minimum Number of Cases. The applicant must demonstrate substantial involvement, as defined in subdivision (c) below, in a minimum of 50 adoption placements in circuit courts during the 5-year period immediately preceding the date of application. All such placements must have involved the placement of a minor child with an adoptive family who is not related to the child within the third degree of consanguinity or is not the minor child’s stepparent. In each of these 50 adoption placements the applicant must have appeared before the court as the adoption entity, as defined in chapter 63, Florida Statutes, on behalf of the adoptive parents or as the lawyer for the adoption entity. In each of these 50 adoption placements, the applicant must have been responsible for all or a majority of the legal decisions concerning the minor child’s adoption placement, termination of the biological and legal parents’ parental rights, and finalization of the adoption. If the applicant does not meet the minimum requirement of 50 adoption placements, the applicant must demonstrate substantial involvement, as defined in subdivision (c) below, in a minimum of 15 contested adoption proceedings or appeals within the 5-year peri
 
 *352
 
 od immediately preceding the date of application. In each of these 15 contested adoption proceedings or appeals, the applicant must have been responsible for all or a majority of the legal decisions in each case.
 

 (c) Substantial Involvement. The applicant must demonstrate, within the 5-year period immediately preceding the date of application, substantial involvement in the placement of minor children for adoption sufficient to demonstrate special competence as an adoption lawyer. Substantial involvement includes active participation in interviewing and counseling adoptive parents, providing full disclosure to adoptive parents regarding applicable law and the subject minor child, providing legally mandated disclosure to biological and legal parents, investigating issues necessary to assure a legally stable adoption placement, preparation of pleadings, providing notice to individuals legally entitled to notice, taking consents for adoption, presentation of evidence in termination of parental rights and adoption proceedings, attendance at hearings, preparation of interstate adoption documentation, and drafting and preparation of post placement communication agreements. Substantial involvement in a contested adoption proceeding requires that the applicant demonstrate responsibility for at least 50 percent of the legal work in preparing and presenting the case for any trial or evidentiary hearing for disposition by the trier of fact.
 

 (d) Peer Review.
 

 (1)The applicant must select and submit names and addresses of 6 lawyers, who neither are relatives nor current associates or partners, as references to attest to the applicant’s substantial involvement and competence in adoption law, as well as the applicant’s character, ethics, and reputation for professionalism. At least 3 of the lawyers shall be members of The Florida Bar, with their principal office located in the state of Florida. Such lawyers should be substantially involved in adoption law and familiar with the applicant’s practice.
 

 (2) The applicant must select and submit the names and addresses of 2 judges who have presided in circuit courts in the state of Florida before whom the applicant has appeared as an advocate or adoption entity in an adoption law case in the 2-year period immediately preceding the date of application.
 

 (3) Peer review received on behalf of the applicant must be sufficient to demonstrate the applicant’s competence, ethics, and professionalism in adoption law. In addition, the adoption law certification committee may, at its option, send reference forms to other attorneys and judges, and make such other investigation as necessary.
 

 (e)Education. The applicant must demonstrate completion of at least 30 credit hours of approved continuing legal education in the field of adoption law during the 3-year period immediately preceding the date of application. Accreditation of educational hours shall be subject to policies established by the adoption law certification committee or the board of legal specialization and may include such activity as:
 

 (1) teaching a course in adoption law;
 

 (2) completion of a course in adoption law;
 

 (3) participation as a panelist or speaker in a symposium or similar program in adoption law;
 

 (4) attendance at a lecture series or similar program concerning adoption law, sponsored by a qualified educational institution or bar group;
 

 
 *353
 
 (5) authorship of a book or article on adoption law, published in a professional publication or journal; and
 

 (6) such other educational experience as the adoption law certification committee shall approve.
 

 (f) Examination. The applicant must pass an examination administered uniformly to all applicants to demonstrate sufficient knowledge, skills, proficiency, experience, and professionalism in adoption law to justify the representation of special competence to the legal profession and the public.
 

 RULE 6-28.4 RECERTIFICATION
 

 During the 5-year period immediately preceding the date of application, the applicant must demonstrate satisfaction of the following requirements for recertification:
 

 (a) Substantial Involvement. The applicant must have continuous and substantial involvement in the field of adoption law. The demonstration of substantial involvement shall be made in accordance with the definitional language set forth in subdivision 6 — 28.3(c).
 

 (b) Minimum Number of Cases. The applicant must have had substantial involvement as defined in subdivision 6-28.8(c) in a minimum of 50 adoption law cases as follows:
 

 (1) The applicant must have either presided over as a judge or general magistrate, or handled as an advocate, a minimum of 50 adoption placements. All such placements must have involved the placement of a minor child with an adoptive family who is not related to the child within the third degree of consanguinity or is not the minor child’s stepparent. In each of these 50 adoption placements the applicant must have appeared before the court as the adoption entity, as defined in chapter 68, Florida Statutes, on behalf of the adoptive parents or as the lawyer for the adoption entity. In each of these 50 adoption placements, the applicant must have been responsible for all or a majority of the legal decisions concerning the minor child’s adoption placement, termination of the biological and legal parents’ parental rights, and finalization of the adoption. If the applicant does not meet the minimum requirement of 50 adoption placements, the applicant must demonstrate substantial involvement, as defined in subdivision (c) below, in a minimum of 15 contested adoption proceedings or appeals within the 5 years immediately preceding the date of application. In each of these 15 contested adoption proceedings or appeals, the applicant must have been responsible for all or a majority of the legal decisions in each case.
 

 (2) The applicant must have either presided over as a judge or general magistrate, or handled as an advocate, a minimum of 50 adoption cases in which the applicant was substantially involved. Substantial involvement includes active participation in interviewing and counseling adoptive parents, providing full disclosure to adoptive parents regarding applicable law and the subject minor child, providing legally mandated disclosure to biological and legal parents, investigating issues necessary to assure a legally stable adoption placement, preparation of pleadings, providing notice to individuals legally entitled to notice, taking consents for adoption, presentation of evidence in termination of parental rights and adoption proceedings, attendance at hearings, preparation of interstate adoption documentation, and drafting and preparation of post placement communication agreements. Substantial involvement in a contested adoption pro
 
 *354
 
 ceeding requires that the applicant demonstrate responsibility for at least 50 percent of the legal work in preparing and presenting the case for any trial or evidentiary hearing for disposition by the trier of fact.
 

 (3) On special application, for good cause shown, the adoption law certification committee may waive compliance with rule 6-28.4(b)(l) or (2) or both for an applicant who has been continuously board certified in adoption law under these standards for a period of 14 years or more.
 

 (c) Education. The applicant must demonstrate completion of 75 credit hours of approved continuing legal education in the field of adoption law. The continuing legal education must logically be expected to enhance the proficiency of attorneys who are board certified adoption lawyers. If the applicant has not attained 75 hours of approved continuing legal education but has attained more than 50 hours during such period, successful passage of the examination given to new applicants shall satisfy the continuing legal education requirements.
 

 (d) Peer Review.
 

 (1)The applicant must submit the names and addresses of 3 lawyers, who neither are relatives nor current associates or partners, as references to attest to the applicant’s substantial involvement and competence in adoption law, as well as the applicant’s character, ethics, and reputation for professionalism. Such lawyers shall be involved in adoption law and familiar with the applicant’s practice.
 

 (2) The applicant must submit the names and addresses of at least 2 judges before whom the applicant has appeared on adoption matters within the 2-year period immediately preceding the date of application to attest to the applicant’s substantial involvement and competence in adoption law, as well as the applicant’s character, ethics, and reputation for professionalism.
 

 (3) The adoption law certification committee may, at its option, send reference forms to other attorneys and judges.
 

 [1]
 

 . Also, two additional comments were filed directly with the Bar, each announcing support for the adoption certification area.
 

 [2]
 

 . The Court has made minor technical corrections to new rules 6-28.3(b) and 6-28.4(b)(1).